Investment Center, Inc., demandante y recurrida, *v.* Ángel Luis Santiago et al., demandados y peticionarios.

*Número:* O-84-89     *Resuelto:* 17 de mayo de 1984

*María Luisa Colón* y *Ángel Luis Santiago*, peticionarios, por derecho propio; *Enrique Leo Henríquez*, abogado de la recurrida.

PER CURIAM: En procedimiento de ejecución de hipoteca por la vía sumaria, y a moción de la acreedora demandante fundada en el Art. 216(g), párr. 3, de la Ley Hipotecaria,([1]) la sala de instancia —al acoger la alegación de la demandante en cuanto a que el demandado que no consigna el importe del requerimiento en 30 días no podrá mantener

---

([1]) Art. 216(g).

.     .     .     .     .     .     .     .

El transcurso de los treinta días improrrogables para *verificar el pago* de las sumas reclamadas *no se interrumpirá ni afectará en modo alguno* por la presentación de dicha comparecencia [del deudor requerido], pero la venta en pública subasta no se ordenará hasta la resolución definitiva de las impugnaciones formuladas. 30 L.P.R.A. sec. 2716.

su impugnación— desestimó la contestación y ordenó la venta en pública subasta del inmueble gravado.

Al recurrir los deudores, el 16 de febrero de 1984, dictamos la siguiente resolución:

> Considerando: que el art. 216 10° de la Ley Hipotecaria (30 L.P.R.A. sec. 2716, 10°) en su prevención de que el plazo de 30 días improrrogables para verificar el pago de las sumas reclamadas en el requerimiento no se interrumpirá por el escrito de impugnación del deudor, sólo significa que ésta "no paralizará el procedimiento ejecutivo" (como en el art. 211 Ley), sin que su letra ni su espíritu exijan la previa consignación por el deudor del balance del crédito como condición para que el Tribunal asuma jurisdicción y conozca de la impugnación; y que de otro modo se estaría imponiendo un tributo por demás oneroso al acceso del deudor a la Corte, restringiendo en forma confiscatoria su derecho fundamental a pedir remedio y a ser oído, todo ello con grave erosión del debido proceso de ley, la parte demandante recurrida tendrá de término hasta el 2 marzo, 1984 para mostrar causa por la que no deban anularse la resolución de 19 Dic., 1983 y demás actuaciones de la Sala de instancia desestimatorias del escrito de impugnación, y disponer que la Sala conozca de y provea al mismo como en Derecho corresponda, sin que se ordene subasta hasta recaer resolución definitiva en la impugnación.

La acreedora demandante ha presentado un breve escrito en que se allana a la revocación de la decisión que antes promovió en instancia. La ampliación de audiencia al deudor cuya propiedad se ejecuta es una de las fundamentales innovaciones al ejecutivo sumario hipotecario introducidas por la Ley de 1979.

*Se expedirá el auto y se anularán las actuaciones revisadas. El caso volverá a instancia para continuación de procedimientos compatibles con lo aquí intimado y resuelto.*

El Juez Asociado Señor Torres Rigual no intervino.